**HASBANI & LIGHT, P.C.**
Rafi Hasbani, Esq.
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel: (212) 643-6677
Email: RHASBANI@hasbanilight.com
*Counsel for Plaintiff.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDWARD BROWN,

|  |  |
|---|---|
| Plaintiff, | Case No. 23-CV-3514 |
|  | **<u>AMENDED COMPLAINT</u>** |
| -against - |  |

JOSE AMARANTE, LUIS DATIZ, THE NEW YORK
CITY TRANSIT AUTHORITY ADJUDICATION
BUREAU and "JOHN DOE" and "JANE DOE", the
last two names being fictitious, said parties intended
being tenants or occupants, if any, having or claiming
an interest in, or lien upon, the premises described in the
complaint,

Defendants.
------------------------------------------------------------------X

The plaintiff, EDWARD BROWN, by its attorneys Hasbani & Light, P.C., hereby alleges

upon information and belief.

## <u>NATURE OF THE ACTION</u>

1.      This is an action brought pursuant to New York Real Property Actions and

Proceedings Law, Section 1301 et seq., to foreclose on a mortgage encumbering the property

commonly known as 2324 Fish Avenue, Bronx New York 10469 Tax Map Block: 4386, Lot: 16

in the County of Bronx and State of New York (the "Property"). A copy of the legal description is

annexed hereto as **Exhibit A**.

1

**PARTIES**

2.     Edward Brown ("Plaintiff") is an individual and is a resident and citizen of the state of California.

3.     Upon information and belief, Jose Amarante, is a resident and citizen of the State of New York who resides at 2324 Fish Avenue, Bronx, New York 10469. Mr. Amarante is a necessary party to this action by virtue of the fact that he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is a Mortgagor under the Mortgage.

4.     Upon information and belief, Luis Datiz, is a resident and citizen of the State of New York who resides at 2324 Fish Avenue, Bronx, New York 10469. Mr. Datiz is a necessary party to this action by virtue of the fact that he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is a Mortgagor under the Mortgage.

5.     The New York City Transit Authority Adjudication Bureau is a public-benefit corporation in the State of New York. It maintains an office at 505 Fulton Street, Brooklyn, New York 11201. It has been named as a necessary party in this action by virtue of it being a judgment creditor. For the purposes of diversity, The New York City Transit Authority is a citizen of New York.

6.     The Defendants' "JOHN DOE" through "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See* NYRPAPL §§ 1311, 1312 and 1313.

2

7.      Each of the above-named defendant(s) has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

8.      This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

9.      Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

10.     On November 30, 2006, Luis Datiz (Hereinafter "Borrower") being indebted to Lend America, in the sum of $440,800.00, executed a Note to secure that sum with an interest rate of 7.5000% per annum, payable in successive monthly installments of $2,755.00 on the first day of each month commencing January 1, 2007 for the first 120 months, then changing to monthly installment of $3,551.05, with the final payment to be made December 1, 2036 (hereinafter "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

11.     To secure payment of the obligation described in paragraph three (3), Luis Datiz and Jose Amarante (hereinafter "Mortgagors") executed to Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for Lend America, its successor, and assignees a mortgage of same date with said Note, and thereby mortgaged the Mortgaged Premises as collateral security for the Note. Said Mortgage was recorded in the County Clerk's Office of Bronx on February 2,

3

2007 in CRFN 2007000064195 (hereinafter "Mortgage"). A true and accurate copy of the Mortgage is attached hereto as **Exhibit B**.

12.     The note and mortgage were ultimately assigned to Plaintiff as evidenced by the assignments of mortgage and the alloenges to the note. A true and accurate copy of the Assignments of Mortgages is attached hereto as **Exhibit C**.

13.     The Plaintiff or its custodian/agent is in possession of the original Note with a proper endorsement and/or allonge firmly affixed to the original Note and is therefore, the holder of both the Note and Mortgage, which passes incident to the Note.

14.     That the Plaintiff is now the sole, true and lawful holder of the record of the said Note and is the mortgagee of record or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject Note and Mortgage.

15.     Plaintiff has complied with all of the applicable provisions of RPAPL §1304, if required, and, if applicable, Banking Law§§ 595-a and 6-1 and 6-m.

16.     Notices were sent to the Borrowers specifically pursuant to RPAPL §1304 on January 26, 2023 (hereinafter "90-Day Notices"). Said 90-Day Notices have now expired and were sent to the Borrowers at least 90-days prior to the commencement of the instant action. The 90-Day Notices were in 14-point type, contained the statutorily dictated language of RPAPL §1304 and the address and phone numbers of at least five US Department of Housing and Urban Development approved housing counseling agencies in the region where the Borrowers reside and was mailed by registered or ce1tified mail and first-class mail to the Mortgaged Premises and last known address of the Borrowers, if different.

17.     That the Plaintiff has complied fully with the RPAPL §1306 filing requirement, if required, by filing with the superintendent of banks within three (3) business days of date the 90-Day Notices were mailed.

18.     That the Mortgage provides that in the case of default in the payment of any principal or interest or any other terms, covenants or conditions of the Mortgage, the holder of the Mortgage could declare the entire indebtedness secured by the Mortgage immediately due and payable, and that the holder of the Mortgage is empowered to sell the Mortgaged Premises.

19.     That the Mortgagors defaulted on the Mortgage having failed to comply with the conditions of the Mortgage by failing to pay portions of principal, interest or taxes, assessments, water rates, insurance premiums, escrow and/or other charges.

20.     That pursuant to paragraph 22 of the Mortgage, in the case of default in the payment of any principal or interest or any other terms, covenants or conditions of the Mortgage, the holder of the Mortgage could declare the entire indebtedness secured by the Mortgage immediately due and payable, and that the holder of the Mortgage is empowered to sell the Mortgaged Premises according to law. As the Mortgagers have failed to pay monthly installments prior to or on the due date, Plaintiff elects herein to accelerate the Mortgage and call due the entire amount secured by said Mortgage.

21.     That in order to protect its security, the Plaintiff has paid, or may be compelled to pay during the pendency of this action, local taxes, assessments, water rates, insurance premiums and other charges assessed to the Mortgaged Premises.

22.     That, pursuant to the Mortgage, the Mortgagors promised to pay, in addition to principal and interest, all the additional charges mentioned in the preceding paragraph, and Plaintiff hereby requests that any sums paid by Plaintiff for such purposes, with interest thereon,

be added to the sum otherwise due and be deemed secured by the Mortgage and be adjudged to be a valid lien on the Mortgaged Premises.

23.    That there is now due and owing to the Plaintiff under said Note and Mortgage the principal sum of $440,800.00 plus interest and fees thereon, plus late charges and advances made by the Plaintiff on behalf of the Mortgagors and other named defendants and any other charges due and owing pursuant to the terms of the Note and Mortgage.

24.    Pursuant to paragraph 6a of the Note, in the event any installment shall become overdue for a period in excess of 15 days, a late charge on the overdue sum may be charged for the purpose of defraying the expense in handling such delinquent payment.

25.    Plaintiff has complied with all conditions precedent, required by the Mortgage, prior to the commencement of this action.

26.    Pursuant to the terms of the Mortgage, a notice of default was mailed to the Mortgagors on January 26, 2023 via first class mail to the last known address of the Mortgagors, which was the Mortgaged Premises (hereinafter "Notice of Default").

27.    There have been two prior action to collect or enforce the aforementioned default under the Note or Mortgage under Index No. 32254/2017E, and Index No. 36108/2020E. The action under Index No. 32254/2017E has subsequently been dismissed, and the action under Index No. 36108/2020E has been discontinued.

28.    The Plaintiff shall not be deemed to have waived, altered, released or changed its election herein by reason of any payment after the commencement of this action of any or all of the defaults mentioned herein and such election shall continue to be effective.

29.    That the Mortgage provides that, in the case of foreclosure, the Mortgaged Premises may be sold in one parcel and that if the Mortgaged Premises consist of more than one parcel,

Plaintiff respectfully requests that the Judgment of Foreclosure and Sale provide for the parcels to be sold as one parcel.

30.     The sale of the Mortgaged Premises under foreclosure herein is subject to any state of facts that an inspection of the Mortgaged Premises would disclose, any state of facts an accurate survey would show, and to covenants, restrictions and easements, if any, of record affecting said Mortgaged Premises and any violation thereof, any equity of redemption of the United States to redeem the Mortgaged Premises within 120 days from the date of sale, prior mortgages and liens of record, if any, any rights of tenants or persons in possession of the subject Mortgaged Premises, and to zoning regulations and ordinances of the city, town, or village in which said Mortgaged Premises lies and any violations thereof.

31.     In the event that the Plaintiff possess any other lien(s) against the Mortgaged Premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) not be merged in Plaintiff's cause(s) of action set forth herein, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

**WHEREFORE**, Plaintiff demands judgment: (a) adjudging and decreeing the amounts due the Plaintiff for principal, interest, costs, advancements and reasonable attorney's fees, if fees were provided for in the said Mortgage (b) that the defendants and all persons claiming by, through and under them, or either or any of them, subsequent to the commencement of this action and every other person or corporation whose right, title conveyance or encumbrance is subsequent to or subsequently recorded, may be barred and forever foreclosed of all right, claim, lien or interest, or equity of redemption in and to said Mortgaged Premises; (c) that the said Mortgaged Premises, or

such part thereof as may be necessary to raise the amounts then due for principal, interest, costs, reasonable attorney's fees, allowances and disbursements, together with any monies advanced and paid, may be decreed to be sold according to law; (d) that out of the monies arising from the sale thereof, the Plaintiff may be paid the amounts then due on said Note and Mortgage as herein set forth, with interest upon said amounts from the dates of the respective payments and advances thereof, the costs and expenses of this action, additional allowance, if any, and reasonable attorney's fees, if and as provided for in the Mortgage, rider or other agreement, so far as the amount of such money is properly applicable thereto will pay the same; (e) that any of the parties to this action may become a purchaser upon such sale; (f) that should the Mortgaged Premises be sold by foreclosure sale and the proceeds of said sale; (g) be insufficient to pay the total debt due plaintiff, the Borrower(s) named hereinabove, unless discharged in bankruptcy, may be adjudged to pay the amount of the deficiency; (h) that the United States of America shall have the right of redemption, if applicable; (i) that the Plaintiff may have such other or further relief, or both, in the Mortgaged Premises as may be just and equitable.

Dated: May 1, 2023
      New York, New York

                        **HASBANI & LIGHT, P.C.**

                    By:*/s/ Rafi Hasbani_____*
                      Rafi Hasbani, Esq.
                      *Attorneys for Plaintiff*
                      450 Seventh Avenue, Ste 1408
                      New York, New York 10123
                      Tel.: (212) 643-6677
                      Email: rhasbani@hasbanilight.com