UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWARD BROWN

                    Plaintiff,

-against-

JOSE AMARANTE, LUIS DATIZ, THE NEW YORK CITY TRANSIT AUTHORITY ADJUDICATION BUREAU and "JOHN DOE" and "JANE DOE", the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the complaint,

                    Defendants.

23-CV-3514 (JGLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

JESSICA G. L. CLARKE, United States District Judge:

This case was referred to Magistrate Judge Lehrburger for general pretrial purposes and all dispositive motions. *See* ECF No. 8. Plaintiff moved for an order (1) granting summary judgment on his foreclosure claim against Defendants Jose Amarante and Luis Datiz; (2) striking Defendants' Answer and Counterclaims; and (3) granting default judgment against the non-answering Defendants. ECF No. 28. On November 8, 2024, Judge Lehrburger issued a Report and Recommendation recommending that summary judgment on Plaintiff's foreclosure claim be denied, that summary judgment be granted to Plaintiff on Defendants' First through Third and Fifth through Eleventh affirmative defenses and Defendants' first counterclaim, but denied as to Defendants' Fourth and Twelfth affirmative defenses and second counterclaim for attorney's fees, and that default judgment be denied against the non-answering defendants. ECF No. 35 ("R&R"). On November 21, 2024, Plaintiff filed a timely Objection. ECF No. 36 ("Obj."). Defendants do not object, filing timely responses to Plaintiff's Objection. ECF No. 38.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Finally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (internal citation omitted).

The Court has reviewed the motion papers, the R&R, the Objection, and Defendants' response, and finds the R&R to be well-reasoned and grounded in fact and law. Plaintiff's arguments in the Objection lack merit.

First, Plaintiff contends that he submitted sufficient evidence of default through the attachment of the Demand Loan Payoff exhibit. Obj. at 5. Plaintiff argues that the R&R should not have recommended ignoring the Demand Loan Payoff based on Plaintiff's inadvertent mistake referencing the document as the payoff statement of a 2021 Note. *Id.* at 5–6. Given Plaintiff's assertions in the Objection that the reference to a 2021 Note was indeed an inadvertent typographical error, the Court is inclined to overlook the error and consider the Demand Loan Payoff as evidence. But even so, the Demand Loan Payoff is insufficient evidence of default for the other reasons stated in the R&R. *See* R&R at 14–18. Specifically, given the number of times

that the Note has changed owners through reassignments, as well as the temporal gaps of specific recordkeeping evidenced by the first exhibit attached to Plaintiff's affidavit, *see* ECF No. 28-12 at 7–69, the Court is not convinced that the Demand Loan Payoff is an accurate record of payment history rather than a statement of what Plaintiff claims is owed. Indeed, while Plaintiff's affidavit calls the first exhibit with temporal gaps the "Payment History," this same affidavit only references the Demand Loan Payoff in the context of a paragraph detailing the total amount he believes is due. *Id.* at ¶¶ 13, 15. With "questions regarding what the [Demand Loan Payoff] show[s]," the Court cannot find summary judgment in favor of Plaintiff based on this document. *FTS Cap., LLC v. Stuyvesant Constr. Corp.*, No. 19-CV-7275 (TAM), 2024 WL 1014120, at *5 (E.D.N.Y. Mar. 8, 2024).

Second, Plaintiff argues that the R&R was in error to consider defenses that were raised for the first time in Defendants' opposition to Plaintiff's motion for summary judgment. Obj. at 7–10. Plaintiff challenges the R&R's reliance on federal law for waiver of defenses and urges the Court to instead adopt the rule of New York law as stated in *U.S. Bank National Association v. Nelson*, 169 A.D.3d 110 (2d Dep't N.Y. 2019), *aff'd*, 163 N.E.3d 49 (N.Y. 2020). Obj. at 7–10. To the contrary, federal law governs when an affirmative defense is waived in a federal court proceeding. *See* Fed. R. Civ. P. 8(c); *see, e.g.*, *Legal Aid Soc'y v. City of New York*, 114 F. Supp. 2d 204, 222 (S.D.N.Y. 2000) (applying federal procedural law on the forfeiture of an affirmative defense supplied by state law); *Santos v. Dist. Council of N.Y.C. & Vicinity of United Bhd. of Carpenters & Joiners of Am., AFL-CIO*, 619 F.2d 963, 967 (2d Cir. 1980) (directing district courts to follow federal procedural rules when determining whether untimely assertions of state-law-based affirmative defenses were waived).

But even applying state law waiver rules under *Nelson*, the outcome would be the same. That is because *Nelson* only requires that "where the answering party wishes to interpose new

matter in defense to the cause of action that goes beyond the essential elements of the cause of action . . . the party must plead, as an affirmative defense, 'all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading.'" *Nelson*, 169 A.D.3d at 113. (citing N.Y. C.P.L.R. 3018(b)). The *Nelson* Court found that certain issues of standing were such a defense that must be pled affirmatively. *Id.* But the defenses raised under RPAPL § 1302(1)(b) and RPL § 421 are both issues that Plaintiff should have been previously aware of as statutory requirements and are apparent from the face of the prior pleadings. Moreover, Plaintiff's arguments concerning prejudice are untimely. *See* Obj. at 9–10. As the R&R notes, Plaintiff failed to assert any such arguments in the original briefing, though given opportunity to do so. R&R at 21. The Court declines to consider those arguments now, because "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation[.]" *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (internal citation omitted).

Third, Plaintiff contends that the defense under RPL § 421 is unfounded on the merits. Obj. at 10. Defendants' Section 421 defense is that Plaintiff failed to demonstrate statutory compliance because some recordings of power of attorney in the chain of mortgages for the Property were not in the county where the Property is located. R&R at 23. Plaintiff argues that this defense must fail because Section 294(1), not Section 421, is the statutory provision that requires power of attorney to be filed within the registrar of the county where the Property is located. Obj. at 10. However, Section 421 is the provision that requires the recording for conveyance of property. N.Y. RPL § 421. For the sake of clarity, it certainly would have been preferable for Defendants to also reference Section 294(1). But the sole reference to Section 421,

in addition to the explanation for the basis of the defense, is sufficient to raise a meritorious issue of statutory compliance.

Fourth, Plaintiff asserts the fourth affirmative defense under RPAPL § 1306 must fail because Plaintiff complied with that provision, which sets out certain requirements for filing RPAPL § 1304 notices. Obj. at 11–13. But Plaintiff does not contest the fact that it failed to provide an appropriate telephone number, as required by Section 1306. Plaintiff cites to several cases for the idea that Section 1306 filing requirements are not "perfunctory"—but provides no citation that excuses a filer from including the statutorily required information. Plaintiff relies almost exclusively on *CIT Bank N.A. v. Schiffman*, 168 N.E.3d 1138 (N.Y. 2021), which held that in certain cases, not every liable individual needs to be listed on the filing. *Id.* at 1145. But providing the contact information for the borrower is a separate matter. Given the R&R's extensive analysis of the RPAPL § 1306 minimal requirements and the statutory purpose of having those requirements, *see* R&R at 27–30, this argument lacks merit.

Fifth, Plaintiff argues that the twelfth affirmative defense under RPAPL § 1331 must fail. Obj. at 13–14. This defense is that Plaintiff failed to comply with statutory requirements because Plaintiff did not show that he filed his complaint along with his notice of pendency. Plaintiff's issue with this defense is that it was asserted under Section 1331 when the actual statutory provision at issue is N.Y. CPLR § 6511(a), which Defendants failed to raise until opposition briefing. *Id.* Section 1331 requires a plaintiff to file a notice of pendency at least twenty days before a final judgment directing a sale is rendered. Section 6511(a) requires a plaintiff to file a copy of the complaint along with the notice of pendency required by Section 1331, which Plaintiff appears to have failed to do. Like the dispute over Section 421, discussed above, it would have been preferable for Defendants to reference Section 6511(a) in its original statement of affirmative defense. But Defendants' notice of a defense under the related Section 1331 is

sufficient to state a meritorious defense. Moreover, for the same reasons explained in the R&R at 20–21 and in this Order at 3–4, the fact that Defendants only raised the Section 6511(a) statutory compliance issue in opposition briefing does not render that argument waived.

Finally, Plaintiff objects that the counterclaim for attorney's fees should be dismissed because Plaintiff is entitled to summary judgment in its favor on all other claims. *Id.* at 14. Plaintiff is not entitled to summary judgment on all other claims. The attorney's fees claim remains viable.

Accordingly, the R&R is ADOPTED in full. Plaintiff's motion for summary judgment as to its prima facie case is DENIED. Plaintiff's motion for summary judgment as to Defendants' affirmative defenses and counterclaims is GRANTED in part and DENIED in part. Specifically, Plaintiff's motion is DENIED with respect to Defendants' affirmative defenses under RPAPL § 1302(1)(b) and RPL § 421, Defendants' Fourth and Twelfth affirmative defenses, and Defendants' second counterclaim for attorney's fees. The motion is GRANTED with respect to all other defenses and counterclaims.

By **April 15, 2025**, parties shall file a joint status letter with proposed trial dates for June, August, or September, and the letter shall include whether parties are interested in a referral to the Mediation Program or for a settlement conference. The Clerk of Court is directed to terminate ECF No. 28.

Dated: March 27, 2025
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge